IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**KRISTI DEARMAN**                                                                 **PLAINTIFF**

v.                                                        Civil No. 1:13-cv-267-HSO-RHW

**STONE COUNTY SCHOOL DISTRICT, and**
**GWEN MILLER, individually**                                      **DEFENDANTS**

### ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION OF MEMORANDUM OPINION AND ORDER

BEFORE THE COURT is the Motion [33] for Reconsideration of Memorandum Opinion and Order, filed by Defendant Dr. Gwen Miller, in her individual and official capacities. Plaintiff Kristi Dearman has filed a Response [34] and Dr. Miller a Reply [35]. After consideration of the parties' submissions, the record, and relevant legal authorities, the Court finds that Dr. Miller's Motion for Reconsideration should be denied.

### I. BACKGROUND

On March 21, 2014, the Court issued its Memorandum Opinion and Order [30] Granting in Part and Denying in Part Dr. Gwen Miller's Motion [23] to Dismiss All Claims Against Defendant Gwen Miller. The Court did not dismiss the malicious interference with employment claim advanced against Dr. Miller. Dr. Miller submits that not dismissing this claim was error because Ms. Dearman did not file a notice of claim pursuant to the Mississippi Torts Claims Act ("MTCA"), Mississippi Code §11-46-1, *et seq.,* prior to filing this suit. Dr. Miller asserts that reconsideration is warranted in order to correct a clear error of law and prevent manifest injustice.

Def.'s Mot. [33] 1.

## II. DISCUSSION

"Federal Rule of Civil Procedure 54(b) authorizes a district court to reconsider and reverse rulings on an interlocutory order 'for any reason it deems sufficient.'" *United States v. Renda,* 709 F.3d 472, 479 (5th Cir. 2013)(citing *Saqui v. Pride Ctr. Am., LLC,* 595 F.3d 206, 210-11 (5th Cir. 2010)). The Court's decision to grant or deny reconsideration is reviewed for abuse of discretion. *Id.* at 478-79. Dr. Miller is seeking reconsideration under a standard applicable to motions to alter or amend judgment under Federal Rule of Civil Procedure 59(e). For this reason, the Court will review Dr. Miller's Motion under the standard she proffers and determine whether she has demonstrated a need to correct a clear error of law or prevent manifest injustice. *In re Benjamin Moore & Co.,* 318 F.3d 626, 629 (5th Cir. 2002).

Dr. Miller seeks dismissal of Ms. Dearman's claim for malicious interference with employment on the basis that Ms. Dearman did not file a MTCA notice of claim prior to filing suit. As she did in response to Dr. Miller's original Motion [23] to Dismiss, Ms. Dearman relies on the Mississippi Supreme Court's decision in *Zumwalt v. Jones Co. Bd. of Supervisors*, 19 So. 3d 672 (Miss. 2009), maintaining that no presuit notice of claim is required in order to pursue a claim for malicious interference with employment. In *Zumwalt,* the Mississippi Supreme Court held that the MTCA does not apply to a claim for "tortious interference with business relations and/or contracts" because such a claim requires proof of malice, and claims requiring proof of malice fall outside the scope of the MTCA. *Id.* at 688 (citing Miss Code Ann. § 11-46-5(2)).

The Court relied on *Zumwalt* in denying Dr. Miller's request to dismiss the malicious interference with employment claim. The Court's decision was also guided by the fact that Dr. Miller did not address or rebut Ms. Dearman's reliance on *Zumwalt*. Def.'s Reply [29] 8. Dr. Miller, in effect, conceded in rebuttal that *Zumwalt* controlled, focusing her briefing instead on the alleged substantive deficiencies of Ms. Dearman's claim for malicious interference with employment. *Id.*

The Court's Order [30] noted, however, that the Fifth Circuit Court of Appeals had recently questioned whether *Zumwalt* remains good law on this point. In *Johnson v. City of Shelby, Miss.*, the Fifth Circuit concluded that more recent Mississippi Supreme Court precedent contradicted *Zumwalt* "on the question of whether a plaintiff alleging malicious interference by a public employee must satisfy the notice requirements of § 11-46-11 of the MTCA." No. 12-60735, 743 F.3d 59, 63-64 (5th Cir. 2013).[1] The more recent Mississippi Supreme Court precedent relied on by the Fifth Circuit in *Johnson* is *Whiting v. University of Southern Mississippi,* 62 So. 3d 907 (Miss. 2011).

In *Whiting,* the Mississippi Supreme Court found that claims for "tortious breach of contract and tortious interference with contract" are subject to the MTCA, such that exhaustion of administrative remedies is required prior to filing suit. *Id.* at 916. The Court in *Whiting* affirmed the lower court's dismissal of a professor's claim

---

[1]As noted by Ms. Dearman, *Johnson* is an unpublished opinion, and the Fifth Circuit has instructed that unpublished opinions are not precedent "except under the doctrine of res judicata, collateral estoppel or law of the case (or similarly to show double jeopardy, notice, sanctionable conduct, entitlement to attorney's fees, or the like)." 5th Cir. Rule 47.5.5.

for tortious breach of contract asserted against a state university because the professor had filed suit prior to a final decision by the Board of Trustees. *Id.* at 915.

Dr. Miller now seeks reconsideration on the basis of the Fifth Circuit's decision in *Johnson*, which was issued after Dr. Miller's underlying Motion [23] to Dismiss was briefed. Def.'s Mot. [33] 2. Dr. Miller's counsel submits that she "did research and attempt to locate precedent to contradict *Zumwalt*, but found no clear precedent to cite to the court at that time." Def.'s Mot. [33] 2. Dr. Miller maintains that "[t]here were no Mississippi decisions which specifically negated the *Zumwalt* holding . . . . until the case of *Johnson v. City of Shelby, Mississippi* was decided by the Fifth Circuit on November 19, 2013." Def.'s Mot. [33] 2-3.

Dr. Miller's position overlooks the fact that *Johnson* was based on *Whiting,* which was published by the Mississippi Supreme Court over two years before Dr. Miller filed her Motion [23] to Dismiss. This weighs against a finding of manifest injustice, one of the grounds for Dr. Miller's Motion for Reconsideration. Dr. Miller has also not demonstrated the need to correct a clear error of law, the other ground for her Motion for Reconsideration. While *Whiting* and *Zumwalt* may appear contradictory, the Mississippi Supreme Court in *Whiting* did not reference or explicitly overrule *Zumwalt*. It is therefore unclear whether the Mississippi Supreme Court intended for *Whiting* to overrule *Zumwalt* or whether the two cases are somehow distinguishable. The apparent conflict between the two cases has led to inconsistent decisions by federal district courts applying Mississippi law. Six of these decisions were collected and referenced by the Fifth Circuit in *Johnson,* 743 F.3d at 64 n.4.

The Mississippi Supreme Court, however, "is the final arbiter of its own state law issues." *Pennell v. Wells Fargo Bank, N.A.,* 507 Fed. App'x 335, 338 (5th Cir. 2013)(citing *Lucas v. United States,* 807 F.2d 414, 418 (5th Cir. 1986)). The Mississippi Supreme Court has not yet clarified whether *Whiting* overrules *Zumwalt,* and for this reason, Dr. Miller cannot demonstrate a clear error of law. Dr. Miller's Motion [33] for Reconsideration of Memorandum Opinion and Order should be denied at this time.

### III. CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that the Motion [33] for Reconsideration of Memorandum Opinion and Order, filed by Defendant Dr. Gwen Miller, in her individual and official capacities, is **DENIED**.

**SO ORDERED AND ADJUDGED**, this the 29th day of July, 2014.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE